1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EDWARD PORTILLO,                          No.  2:13-cv-1976-EFB P

12                    Petitioner,

13         v.                                    ORDER

14    R. DAVIS, et al.,

15                    Respondents.

16

17         Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.[1]  He has paid the filing fee.  His request for leave to proceed

19    in forma pauperis is therefore denied as moot.

20         Petitioner alleges that prison officials recently notified him that he will be considered for

21    transfer to an out of state institution or to another institution within California, as part of the effort

22    to reduce overcrowding in California's prisons.  Petitioner seeks to prevent any transfer from

23    occurring because he is content with both his housing assignment and his work assignment.  He

24    also claims that prison officials failed to properly notify him of his right to consult with an

25    attorney prior to any classification committee meeting regarding a transfer.  *See* ECF Nos. 1, 6.

26

27    _____

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)
      and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636; *see also* E.D.
28    Cal. Local Rules, Appx. A, at (k)(4).

1

1    The court has reviewed the petition as required by Rule 4 of the Rules Governing Section

2 2254 Proceedings, and finds that it must be summarily dismissed.  *See* Rule 4, Rules Governing

3 § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it

4 plainly appears "that the petitioner is not entitled to relief in the district court").

5    In federal court, there are two main avenues to relief on complaints related to one's

6 imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights

7 complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the

8 duration of one's confinement are properly brought in a habeas action, whereas requests for relief

9 turning on the circumstances of one's confinement are properly brought in a § 1983 action.

10 *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500

11 (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ

12 of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only

13 on the ground that he is in custody in violation of the Constitution or laws or treaties of the

14 United States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

15 Here, petitioner's claim does not sound in habeas because it does not concern the validity or

16 duration of his confinement.

17    Accordingly, IT IS HEREBY ORDERED that:

18    1.  Petitioner's application for leave to proceed in forma pauperis (ECF No. 5) is denied

19        as moot;

20    2.  This action is dismissed without prejudice to filing a civil rights action pursuant to 42

21        U.S.C. § 1983; and

22    3.  The court declines to issue a certificate of appealability.

23 Dated:   November 6, 2013.

24 

25 EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

26

27

28

2